## Case No. 14,380.

UNION PAC. R. CO. v. LINCOLN COUNTY.

[3 Dill. 300; [1] 1 Cent. Law J. 106.]

Circuit Court, D. Nebraska. Nov. Term, 1873.

COUNTIES—ISSUE OF BONDS—INJUNCTION TO RESTRAIN.

1. Upon proper application the issue of negotiable bonds by a public corporation will be enjoined, when the statute authorizing their issue only upon certain terms has not been complied with in matters of substance.

[Cited in Osborn v. Board Co. Com'rs of Adams Co., 7 Fed. 445.]

2. An act of the legislature of Nebraska in respect to the issue of such bonds, construed, and it is held, where the statute required such bonds to be paid in ten years, that a vote authorizing bonds to run twenty years was such a material departure from the statute that the court would enjoin the issue of the bonds.

This is a bill by the Union Pacific Railroad Company, as a large property owner and tax-payer in the county of Lincoln, in behalf of itself and other tax-payers similarly situated, to restrain the proposed issue of $30,000 of the bonds of the county, to borrow money to aid in erecting public buildings therein. The county commissioners ordered an election to be held at the different voting precincts in the county, on the 25th day of May, 1873, to vote on the proposition to issue $30,000 in the bonds of the county to bear ten

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

per cent interest and maturing in twenty years, and also to levy annually a tax sufficient to pay the interest of said bonds and the principal at maturity, for the purpose of building a court house and jail. The proposition carried, and the bill is brought to restrain the issue of the bonds. The bonds proposed to be issued are negotiable in form, with interest coupons attached, for $500 each, payable August 1st, 1892, or at the option of the county, at any time after 1880. Each bond contains a recital that it is authorized by sections 19 and 26, and section 28 of chapter 9, of the Revised Statutes of the state, in pursuance of the vote of the 25th day of May, 1873.

O. P. Mason and T. F. Gantt, for the county.

A. J. Poppleton, E. Wakely, and John D. Howe, for plaintiff.

Before DILLON, Circuit Judge, and DUNDY, District Judge.

DILLON, Circuit Judge. Upon consideration we hold:

1. That the act of the legislature of the state of Nebraska, of February 15, 1869, and the amendatory act of March 3, 1870, which authorize "any county or city to issue bonds to aid in the construction of any railroad, or other work of internal improvement," have no application to the issue of bonds by a county for the erection of public buildings therein; and, therefore, the legality of the proposed issue of bonds by the county in the case at bar can derive no support from these enactments.

2. That the only authority for the issue of such bonds in this state is that which is recited in the bonds here proposed to be issued, viz. sections 19-28, c. 9, of the Revised Statutes of the state.

3. Section 19 gives the county commissioners "power to submit to the people of the county, at any regular special election, the question whether the county will borrow money to aid in the construction of public buildings." The mode of submitting is prescribed in section 21, and section 22 provides as follows: "When the question submitted involves the borrowing of money, the proposition of the question must be accompanied by a provision to levy a tax for the payment thereof in addition to the usual taxes, and no vote adopting the question proposed shall be valid unless it likewise adopts the amount of tax to be levied to meet the liability incurred." "Sec. 23. The rate of tax levied shall in no case exceed three mills on the dollar on the county valuation in one year. When the object is to borrow money to aid in the erection of public buildings, the rate shall be such as to pay the debt in ten years."

It is our judgment that the legislative intention here is to require the debt created to borrow money to erect public buildings to be paid in ten years, and the requirement ex-

pressly is that a rate of tax shall be voted and levied sufficient to pay the debt within that period. This provision is defeated if the county may vote to create a debt payable in twenty years, and to levy an annual tax during that period, and such was the proposition which was, in this instance, submitted to, and adopted by, the voters. If the tax is raised in ten years sufficient to pay the debt, the debt ought to be such an one as that the tax may be applied to its payment, for the tax is "specially appropriated and constituted a fund distinct from all others" for this purpose. A construction of this legislation is not admissible by which money to pay the debt may be raised years before the debt itself is payable.

As this is decisive against the right of the county commissioners to submit, or the people to adopt, the proposition for the issue of bonds to run twenty years, it is not necessary to notice the other grounds for the injunction presented in the bill. It may be that if these bonds were issued and in the hands of bona fide holders for value, they could be enforced against the county; but the issue of such bonds will be enjoined upon proper application, when the statute in matters of substance has not been complied with. An order will be entered denying the motion to dissolve the injunction heretofore allowed, and continuing the writ in force. Ordered accordingly. •

NOTE. In the case of the same plaintiff, at the same term, to restrain Merrick county from issuing railway aid bonds, under the act of February 15, 1869, the court, on demurrer to the bill, held, under section 21 of the Revised Statutes of 1866, even where the notice of the question submitted to the voters of a county was published in a newspaper, that it was essential to the validity of the vote that "a copy of the question submitted should be posted up at the places of voting" In this case it was alleged that the notice was not thus posted at the place of voting, in a town, the vote in which controlled the result in favor of the proposition. See Union Pac. R. Co. v. Merrick [Case No. 14,383].

[See, also, Cases Nos. 14,378 and 14,379, for suits brought by same plaintiff against same defendant.]